UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY | § § § |
| VERSUS | § § § C.A. NO. 4:07-cv-03169 |
| R & R MARINE, INC., R & R MARINE OFFSHORE, INC., R & R MARINE MAINTENANCE, INC., R & R SHIPBUILDERS, INC., AND HORNBECK OFFSHORE SERVICES, LLC | § § § § § |

**DEFENDANT HORNBECK OFFSHORE SERVICES,
LLC'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND
SUPPLEMENTAL AND AMENDED COMPLAINT AND COUNTERCLAIM**

COMES NOW, through undersigned counsel, Hornbeck Offshore Services, LLC ("Hornbeck"), one of the Defendants herein, and for its answer to the Second Supplemental and Amended Complaint of Plaintiff National Liability & Fire Insurance Company ("NLFIC"), alleges and avers as follows:

**First Defense**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**Second Defense**

AND NOW, answering the specific paragraphs of the complaint, Hornbeck states as follows:

1. The allegations of paragraph I(a) are denied for lack of knowledge and/or information sufficient to form a belief in the truth thereof.

2. The allegations of paragraph I(b) are denied for lack of knowledge and/or information

sufficient to form a belief in the truth thereof.

3. The allegations of paragraph I(c) are denied for lack of knowledge and/or information sufficient to form a belief in the truth thereof.

4. The allegations of paragraph I(d) are denied for lack of knowledge and/or information sufficient to form a belief in the truth thereof.

5. The allegations of paragraph I(e) are admitted.

6. The allegations of paragraph II are conclusions of law which do not require an answer.

7. The allegations of paragraph III are conclusions of law which do not require an answer.

8. The allegations of paragraph IV are admitted.

9. The allegations of paragraph V are admitted.

10. The allegations of paragraph VI are denied. The tug sank because of the negligence of R & R.

11. The allegations of paragraph VII are denied for lack of knowledge and/or information sufficient to form a belief in the truth thereof.

12. The allegations of paragraph VII(a) are admitted.

13. The allegations of paragraph VIII are denied.

14. The allegations of paragraph IX are denied.

15. The allegations of paragraph X are denied. The language cited in paragraph X may be found in Section 1(b) the Commercial Marine Liability Coverage Form of the Policy.

16. The allegations of paragraph XI are admitted.

17. The allegations of paragraph XII are denied.

18. The allegations of paragraph XIII are denied.

19. The allegations in paragraph XIV are denied.

- 2 -

20. The allegations of paragraph XV are denied.

21. The allegations of paragraph XVI are admitted.

22. The allegations of paragraph XVII are denied.

23. The allegations of paragraph XVIII are denied.

24. The allegations of paragraph XIX are admitted.

25. The allegations of paragraph XX are denied.

26. The allegations of paragraph XXI are denied.

27. The allegations of the second paragraph XX are denied.

## COUNTERCLAIM

The Counterclaim of Hornbeck Offshore Services, LLC ("Hornbeck") against National Liability & Fire Insurance Company ("NLFIC") respectfully represents upon information and belief as follows:

28. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a)(1).

29. At all material times, Hornbeck was and still is a limited liability company organized under the laws of Delaware with its principle place of business in Covington, Louisiana.

30. At all material times, Hornbeck and/or its affiliate Hornbeck Offshore Transportation, LLC was the owner of the Tug ERIE SERVICE, of principle dimensions length 95.2 feet, beam 34.0 feet, and 98.0 gross tons, with U.S. Coast Guard documentation number 634014.

31. NLFIC is a foreign insurer authorized to do and doing business in the Southern District of Texas.

32. NLFIC issued Commercial General Liability and Ship Repairs Legal Liability Policy No. 001222007 ("the Policy") to R & R Marine Maintenance, Inc., R & R Marine, Inc., R & R Marine

Offshore, Inc, and R & R Shipbuilders, Inc. ("R & R"), under which Hornbeck is a named additional insured.

33.     NLFIC added Hornbeck as an additional assured on the Policy.

34.     On or about September 13, 2007, the Tug ERIE SERVICE was damaged when it sank while undergoing repairs at the R & R Shipyard in Port Arthur, Texas.

35.     The damage resulted from the negligence and/or breach of duty of care of R & R in failing to secure the vessel against impending inclement weather that was known to be an imminent threat. The ERIE SERVICE was left with significant openings in the side shell plating and in the deck which were not secured from the weather. R & R left its work barge moored alongside the tug and did not adequately secure the barge from the wind and wave action associated with the storm, allowing it to damage the tug. R & R did not have any pumps standing by to remove water from the tug, nor did any R & R personnel remain at the shipyard to monitor the vessel during the storm. R & R failed to take reasonable precautions to secure and protect the ERIE SERVICE under the circumstances as known or reasonably to be anticipated. Hornbeck reserves the right to amend and/or supplement this article as the facts become more fully known.

36.     The damage to the ERIE SERVICE occurred while the vessel was under the care, custody, and control of R & R for purposes of repair.

37.     The Policy provides coverage for all sums, including salvage, for which R & R becomes obligated to pay for damage to the ERIE SERVICE while in the care, custody, or control of R&R.

38.     NLFIC had an insurance contract with Hornbeck, which created a duty of good faith and fair dealing, and NFLIC denied or delayed payment when coverage was reasonably clear. Further, NFLIC did not adequately investigate the events and circumstances related to the sinking of the ERIE

SERVICE, including without limit, the fact that R & R took no steps whatsoever to secure the vessel prior to the storm. NLFIC breached its duty of good faith and fair dealing because no reasonable basis exists for denying coverage under the Policy.

39. NFLIC's actions and/or omissions constitute Deceptive Insurance Practices under the Deceptive Trade Practices Act. Specifically, NFLIC's acts constitute a violation of Texas Insurance Code § 541.060, as NFLIC failed to give Hornbeck a reasonable explanation, based on the Policy as it relates to the facts or applicable law, for the insurer's denial of a claim. NFLIC's acts and/or omissions in failing to promptly respond to, or pay, the claim is also in violation of the Prompt Payment Statute in Texas Insurance Code § 542.051-.061, to which Hornbeck is entitled to interest to the amount of the claim at the rate of eighteen percent per year, plus attorney's fees.

40. NLFIC's conduct in breaching its duty of good faith and fair dealing was fraudulent, malicious, and/or grossly negligent. Therefore, Hornbeck is entitled to exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

41. As a result of the sinking, Hornbeck has sustained damages currently estimated to exceed $500,000.00, including but not limited to physical damage to the tug, salvage expenses, and economic loss. Hornbeck reserves the right to amend and/or supplement this article as the facts become more fully known.

**WHEREFORE PREMISES CONSDIERED**, Defendant, Hornbeck Offshore Services, LLC, respectfully prays that:

(a) Its answer be deemed good and sufficient, and that after due proceedings are had, a declaration issue from this Court requiring that National Liability & Fire Insurance Company provide coverage under the Policy for all damages arising from the sinking of the tug ERIE SERVICE,

dismissing plaintiffs' Complaint, at plaintiffs' costs, with attorney's fees, and for all other general and equitable relief as this action may demand and require;

(b)  Its counterclaim be deemed good and sufficient, and after due proceedings are had, there be judgment in its favor and against National Liability & Fire Insurance Company, together with interest, costs, and attorneys fees; and

(c)  It may have such other and further relief as law and equity may require.

Respectfully submitted,

By: */s/ Timothy W. Strickland*
  Timothy W. Strickland
  State Bar No. 19396298
  Stacey T. Norstrud
  State Bar No. 24025363
  **FOWLER RODRIGUEZ**
  Four Houston Center
  1331 Lamar, Suite 1560
  Houston, Texas 77010-3028
  Phone: (713) 654-1560
  Fax:    (713) 654-7930

**ATTORNEYS FOR DEFENDANT
HORNBECK OFFSHORE SERVICES, LLC**

**OF COUNSEL:**
Antonio J. Rodriguez
Alanson T. Chenault
**FOWLER RODRIGUEZ**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Facsimile: 504-523-2705

## CERTIFICATE OF SERVICE

I hereby certify that Defendant Hornbeck Offshore Services, LLC's Original Answer to Plaintiff's Second Supplemental and Amended Complaint and Counterclaim was forwarded to all attorneys of record by certified mail, return receipt request, hand delivery, fax and/or regular mail, on this the 9th day of October, 2007.

Robert Killeen, Jr.
Wilbourn Woodward
Killeen & Stern
8 Greenway Plaza, Suite 614
Houston, Texas 77046
*Counsel for Plaintiff*

/s/ *Timothy W. Strickland*
Timothy W. Strickland